IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUCCHESE, INC., Plaintiff, | § § § § | |
| v. | § § | EP-17-CV-135-PRM |
| JOHN WAYNE ENTERPRISES, LLC, Defendant. | § § § § | |

## ORDER GRANTING JOHN WAYNE ENTERPRISES, LLC'S MOTION TO DISMISS

On this day, the Court considered Defendant John Wayne Enterprises, LLC's ("JWE") "Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)" (ECF No. 9) [hereinafter "Motion"], filed on June 30, 2017, Plaintiff Lucchese, Inc.'s ("Lucchese") "Opposition to Defendant's Motion to Dismiss" (ECF No. 5) [hereinafter "Response"], filed on July 14, 2017, and Defendant's "Reply in Support of Motion to Dismiss" (ECF No. 21) [hereinafter "Reply"], filed on July 21, 2017, in the above-captioned cause. After due consideration, the Court is of the opinion that JWE's Motion should be granted for the reasons that follow.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Lucchese is a corporation founded in Texas in 1883 that designs, manufactures, and sells leather boots. Resp. 2. While the majority of its business operations are in Texas, Lucchese conducts business in other states, including California. *Id.*

JWE is a California company that claims to be the exclusive holder of the rights to famed actor John Wayne's name, image, and likeness. Mot. 3. JWE's President is Ethan Wayne, John Wayne's son. Mot. Ex. A, Decl. of Ethan Wayne. JWE's "sole place of business" is Newport Beach, California. *Id.*

Lucchese alleges, and JWE does not contest, that John Wayne had a close relationship with Lucchese and its management during John Wayne's life. Resp. 2. Mr. Wayne was a loyal Lucchese customer for decades, and his affinity for Lucchese's products is well documented. *Id. Esquire* magazine even published an article in 1976 about his fondness for Lucchese's boots entitled "Boots Fit for a Duke." *Id.* Due to this unique relationship, the parties have discussed potential "cooperative" marketing efforts on "numerous" occasions in recent years. *Id.* at 3. Specifically, over the course of about three years

2

starting in 2014, the parties exchanged extensive phone and email correspondence as well as conducted in-person meetings in JWE's office in Newport Beach, California, Lucchese's office and factory in El Paso, Texas, and the Lucchese office in Dallas, Texas. *Id.* at 3–7; Resp. 4–5. However, these discussions did not ultimately lead to a formalized agreement between the parties. Mot. 5.

JWE alleges that in December 2016, it learned that Lucchese was using Mr. Wayne's image in a magazine advertisement without authorization, which led to JWE's discovery of numerous other uses of Mr. Wayne's image and name in connection to Lucchese's marketing materials. *Id.* In the ensuing months, JWE made various demands to Lucchese to recognize JWE's rights with respect to Mr. Wayne's name and image. *Id.* at 6–7. JWE alleges that while initially responsive, Lucchese did not ultimately address these demands to JWE's satisfaction. *Id.* at 6–7. Accordingly, on April 28, 2017, JWE filed a lawsuit in Orange County, California Superior Court asserting four causes of action exclusively under California law (hereinafter "State Suit"). *Id.* at 7. Coincidentally, Lucchese filed the instant action for

declaratory judgment four hours later on the exact same day (hereinafter "Federal Suit").[1] *Id.*

Lucchese's Federal Suit asks the Court to make extremely broad pronouncements regarding its current, past, and future rights to use John Wayne's name, image, and likeness. *See generally* Am. Compl. If the Court were to grant these requests, such a declaration would undoubtedly encompass the entirety of the issues presented in JWE's State Suit. Pursuant to both 28 U.S.C. § 2201 ("Declaratory Judgment Act") and Tex. Civ. Prac. & Rem. Code § 37 ("Texas Declaratory Judgment Act"), and in addition to seeking attorney's fees and costs, Lucchese requests that the Court declare the following:

---

[1] JWE alleges that Lucchese intentionally filed the Federal Suit in anticipation of the State Suit in an act of "jurisdictional gamesmanship" in order to "wrest jurisdiction" over the pending State Suit. Mot. 1–2. Lucchese denies it had knowledge of the State Suit when it filed its complaint in the Federal Suit and claims it never intended to interfere with any pending matters in state court. Resp. 15. However, it does appear that Lucchese filed the Federal Suit immediately after JWE notified Lucchese of its intent to file its own lawsuit on April 27, 2017. Mot. 7. This strikes the Court as suspicious. However, while the question of Lucchese's intent in filing this lawsuit is certainly relevant, the Court concludes that finding that Lucchese intentionally filed the Federal Suit to undermine the State Suit is unnecessary to resolve this matter. Therefore, the Court assumes that Lucchese is being forthright and that the filing of this Complaint was not an intentional effort to undermine the State Suit.

i) Lucchese . . . ha[s] at all times referenced, used, or implicated John Wayne and John Wayne's name, likeness or image in an incidental manner consistent with newsworthy, informational or historical purposes and not in connection with intending to seek, acquire or gain commercial profit . . . from the intrinsic value associated with John Wayne's name, likeness, or image protected under applicable state and federal law;

ii) JWE . . . do[es] not possess rights sufficient to permit [it] to charge or assert . . . that Lucchese has infringed any intellectual property rights including the right of publicity or trademark rights under federal or state law, of JWE by virtue of Lucchese's non-trademark, non-source-identifying use of the John Wayne name and image;

iii) JWE . . . do[es] not possess rights sufficient to permit [it] to charge or assert . . . that Lucchese has infringed any intellectual property rights, including the right of publicity or trademark rights under federal or state law, of JWE due to JWE's consent, implied or otherwise, to such use by Lucchese;

iv) JWE . . . do[es] not possess rights sufficient to permit [it] to charge or assert . . . that Lucchese has infringed any intellectual property rights, including the right of publicity or trademark rights under federal or state law, of JWE by virtue of JWE's acquiescence to such use under the legal theories of laches, waiver, forfeiture, estoppel, and acquiescence;

v) In the alternative, that JWE . . . knew or should have known that Lucchese could potentially realize commercial gains or profits from its historical association with John Wayne's name, image or likeness and thereafter failed to timely assert or inform Lucchese that its actions constituted a violation of JWE's property rights in and [sic] John Wayne's name, likeness or image under federal and state privacy laws[.]

Am. Compl. 12–13.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." In determining whether a plaintiff states a valid claim, a court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

In considering a motion pursuant to Rule 12(b)(6), a district court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[2] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th

---

[2] In the absence of any objections by either party to any of the exhibits or attachments, and pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of all exhibits and attachments to the briefing and assumes the documents' genuineness in order to decide the Motion.

6

Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

In terms of substance, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading that offers mere "'labels and conclusions' . . . will not do," especially when it simply tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

When considering a suit for declaratory judgment while a similar claim in state court is pending, district courts must engage in the following three-step inquiry: (1) "the court must determine whether the declaratory action is justiciable"; (2) "the court must consider whether it has the 'authority' to grant declaratory relief" pursuant to the Anti-

Injunction Act; and (3) "the court has to determine how to exercise its broad authority to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

### A. Justiciability

The pending State Suit concerning several of the same issues present in this case indicates the existence of a substantial controversy and suggests justiciability. Further, JWE does not argue that Lucchese's request for declaratory relief is non-justiciable. Therefore, the Court assumes the Federal Suit is justiciable for purposes of deciding the Motion.

### B. Authority to Grant Relief Pursuant to the Anti-Injunction Act

District courts lack authority to grant requests for declaratory relief that would violate the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits United States courts from "grant[ing] an injunction to stay proceedings in a State court" except in narrow circumstances. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993). "[M]ore often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction

8

Act." *Id.* (citing *Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988) (en banc)). Thus,

> the district court may not consider the merits of a declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.

*Id.*; *accord Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003). Accordingly, if these three conditions are met, the Court must dismiss or stay the present action. *See Ins. Co. of Pa. v. Sabre, Inc.*, 918 F. Supp. 2d 596, 601 (N.D. Tex. 2013) (granting motion to dismiss action for declaratory relief where the court determined it lacked authority to decide the case pursuant to the Anti-Injunction Act). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

1. Previously Filed State Case

The first condition is easily met: neither side contests that JWE filed the State Suit hours before the Federal Suit on the same day. Resp. 7; Mot. 7; *see also* Mot. Ex. B, Decl. of Gerard M. Mooney, Ex. 15 (copy of California Complaint).

2. Whether State Suit Presents Same Issues as Federal Suit

Second, the Court must determine whether the State Suit presents "the same issues" as the Federal Suit. When the issues are not exactly parallel, "the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute." *Sherwin-Williams Co.*, 343 F.3d at 394. District courts must further "consider the presence, nature, and role of the federal law issues . . . raised in the declaratory judgment complaint." *Id.* at 397.

Here, the claims in the Federal Suit are broader than JWE's claims in the State Suit. The Federal Suit seeks to resolve all potential claims by JWE against Lucchese under any state or federal law, Amended Complaint 12–13, while the State Suit seeks merely to resolve

10

JWE's claims against Lucchese under California state law. Mot. Ex. B, Decl. of Gerard M. Mooney, Ex. 15.

The fact that the Federal Suit potentially encompasses broader issues than the State Suit presents a challenging question that neither party addresses in their briefing. JWE states in conclusory fashion that the two cases present either the "same issues," Motion 17, or "substantially similar claims," Reply 8, without further analysis. Lucchese does not directly contest this point. However, it is difficult for the Court to accept the parties' silence on this matter and conclude the issues are completely parallel. While Lucchese's Complaint in the Federal Suit does not articulate a specific federal law under which it requests relief from the Court,[3] the Court cannot ignore Lucchese's legitimate concern that it faces potential liability under federal law that may not be resolved in the State Suit. Resp. 15–16. Indeed, as Lucchese contends, JWE's initial demand letter threatened a lawsuit under both state and federal law. Mot. Ex. B, Decl. of Gerard M. Mooney, Ex. 13 ("JWE [is entitled] to significant compensation under

---

[3] However, Lucchese does eventually mention the Lanham Act in passing in its Response. Resp. 16.

11

California and Federal law."). Thus, the Court's abstention could leave Lucchese in an awkward position of uncertainty regarding its potential liability under federal law.

The Court recognizes the importance of adjudicating federal claims when they are properly before the Court. *See Sherwin-Williams Co.*, 343 F.3d at 397 (holding that district courts must consider the presence of federal questions if they decide to abstain from deciding a declaratory judgment action). Nonetheless, Lucchese's generic requests for federal declaratory relief in the Federal Suit do not predominate over its own parallel state claims, which mirror JWE's claims in the State Suit.[4] Further, JWE suggests and Lucchese does not contest that

---

[4] In similar circumstances involving the use of a registered trademark, at least one court of appeals has overturned a district court's decision to abstain from hearing a federal declaratory claim because the issues in the state and federal suits were not substantially similar. *See Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 873 (8th Cir. 2002). In *Verizon*, the court held that the lower court's abstention was an abuse of discretion where the declaratory action included federal claims while the state proceedings did not. *Id.* However, *Verizon* is distinguishable for two reasons. First, the case did not hold that abstention is an abuse of discretion due to the "mere *presence* of federal trademark issues" in the federal but not the state action. *Id.* at 875 (Bye, J., concurring). Rather, it held that the "*failure to consider*" those federal issues in the decision to abstain is an abuse of discretion. *Id.* Second, in *Verizon* the federal claim was the "gravamen" of the request for declaratory relief. *Id.* at 873. Here, in contrast to *Verizon*, the Court

Lucchese can bring defenses under federal or state law in the State Suit, Motion 19, indicating that Lucchese can potentially resolve the federal claims in the State Suit. Finally, the key issue in both suits is the same: whether Lucchese has a right to use Mr. Wayne's name, image, and likeness in connection to its marketing material. Regardless of the specific law governing the dispute, both parties would likely produce substantially similar evidence, witnesses, and arguments in either lawsuit. Thus, the Court concludes the claims are substantially similar for the purposes of satisfying the second prong of the *Travelers* test.

### 3. Whether the Anti-Inunction Act Prohibits the Court from Granting Relief

Finally, the Court must determine whether a declaratory judgment in this case would be equivalent to an injunction in violation of the Anti-Injunction Act. JWE contends that the Anti-Injunction Act applies here because "issuing a declaratory judgment will be

---

has taken the federal claim into consideration. After review, the Court is unable to discern what portion of Lucchese's vague requests for relief is based on federal as opposed to state law. Thus, the Court cannot conclude that the federal claims constitute the "gravamen" of Lucchese's Complaint. Therefore, despite the presence of federal claims in the declaratory action, the Court concludes that the State Suit and Federal Suit involve substantially similar issues.

tantamount to issuing an injunction." Mot. 16 (citing *Travelers Insurance Co.*, 996 F.2d at 776). Lucchese does not directly contest this point or suggest that any of the exceptions to the Anti-Injunction Act apply here. Instead, Lucchese argues that while abstention in these circumstances is the general rule, the Court still retains discretion to hear a request for declaratory relief if doing so would not "offend principles of comity and federalism." Resp. 15. Lucchese relies on a lone Louisiana district court opinion to conclude that comity and federalism are only offended where "(i) a litigant sought through federal relief to interfere with a state proceeding, or (ii) [where] a litigant resorted to federal court in an effort to invalidate, or prevent enforcement of, a state court judgment." Resp. 15 (citing *Texaco, Inc. v. Duhe*, 44 F.Supp.2d 809, 814–16 (W.D. La. 1998)). Lucchese claims that because it neither sought to interfere with a state proceeding nor sought to invalidate a state judgment by filing the Federal Suit, the Court retains discretion over whether to hear this action.

The Court disagrees that it retains any such discretion. The Fifth Circuit in *Jackson* stated unequivocally that "if an injunction would be barred by [the Anti-Injunction Act], this should also bar the issuance of

14

a declaratory judgment that would have the same effect as an injunction." *Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988). "The exceptions listed in the Act are exclusive, and if none applies, then the Act establishes 'an absolute prohibition' on enjoining state court proceedings." *Ins. Co. of Pa. v. Sabre, Inc.*, 918 F. Supp. 2d 596, 599 (N.D. Tex. 2013) (citing *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 3 F.3d 877, 885 (5th Cir.1993)).

Further, although there is "'a very small class of highly distinguishable cases which are exceptions' to the rule in *Jackson*," *id.* at 599–600, the facts in this case do not suggest that such an exception is appropriate here. "Although the Fifth Circuit has not defined the precise parameters of this 'very small class of highly distinguishable cases,' factual situations in which the Fifth Circuit has found it permissible for a district court to rule on a declaratory judgment when there are pending state proceedings are instructive." *Melancon v. Union Carbide Corp.*, No. CIV. A. 97-1299, 1998 WL 122610, at *6 (E.D. La. Mar. 19, 1998).

In *Travelers*, one of the cases where the court created an exception to *Jackson*, the declaratory plaintiff faced potential litigation from

15

approximately seventeen different parties who could have sued it in "multitudinous forums" in different states. *Sabre*, 918 F. Supp. 2d at 600 (citing *Travelers Insurance Co.*, 996 F.2d at 777). The declaratory plaintiff sought relief in federal court so it could obtain a single, consistent resolution of the claims against it. *Id.* Additionally, the declaratory defendant who was seeking dismissal had let the pending state case stall at the pleading stage and had made no objection to proceeding with the federal case until discovery was complete and summary judgment was ripe for review. *Id.* Thus, the *Travelers* court held that the declaratory defendant had waived its right to assert the priority of the state case. *Id.*

In the other prominent case finding an exception to *Jackson*, the Fifth Circuit held that "federal courts need not abstain from declaratory judgment actions under *Jackson* where the federal suit is filed substantially prior to any state suits, significant proceedings have taken place in the federal suit, and the federal suit has neither the purpose nor the effect of overturning a previous state court ruling." *Royal Insurance Co. v. Quinn–L Capital Corp.*, 3 F.3d 877, 887 (5th Cir. 1993).

16

Here, Lucchese has not alleged that any of the circumstances present in *Travelers* or *Quinn-L* are present. First, there is no threat of numerous different lawsuits in different fora regarding the same issue. Second, JWE notified the Court of the pending State Suit early in the pleading stage and has not waived its right to assert the priority of the State Suit like the declaratory defendant in *Travelers*. Finally, the Federal Suit was filed *after* the State Suit, not "substantially prior" to it such that it might entitle Lucchese to an exception under *Quinn-L*. Thus, the *Jackson* rule—i.e., mandatory abstention—applies.

Lucchese incorrectly argues that the *Jackson* rule only applies where the declaratory plaintiff "intended" to interfere with the state proceeding or "supplant" a previously-existing state judgment. Resp. 15. However, the parameters of *Jackson* remain broad with only limited exceptions that the Court concludes do not apply here. *Sabre*, 918 F. Supp. 2d at 600. Lucchese's insistence that it did not know of the State Suit when it filed the Federal Suit and that it is not attempting an "end-run around state sovereignty" is unavailing. Resp. 15–16. Thus, the Court concludes that this matter must be dismissed pending resolution of the State Suit.

C. **Discretionary Abstention**

Even if the Court were not bound to abstain from deciding this case, it would likely exercise its discretion to do so anyway.[5] The Court recognizes that "it would be uneconomical as well as vexatious to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues . . . " *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 495 (1942). Further, the Court notes that

> [t]he purpose of the Declaratory Judgment Act is twofold: 'to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued' and 'to provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty.'

*Gulf Offshore Logistics, LLC v. Norris*, No. CV 16-8247, 2016 WL 7097383, at *5 (E.D. La. Dec. 5, 2016) (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989)).

Here, neither of those goals is furthered by presiding over the Federal Suit. Lucchese is not at the mercy of JWE's discretion

---

[5] The Court is aware of the seven *Trejo* factors it must analyze before making a discretionary decision to abstain. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir. 1994). However, because abstention is mandatory in this case, it need not address the seven factors in detail because doing so would be unnecessary to reach a resolution in this case.

regarding if and when it chooses to assert its rights. JWE has already filed a lawsuit. Thus, a declaratory judgment would not grant Lucchese relief from "the Hobson's choice of foregoing [its] rights or acting at [its] peril." *Jackson*, 862 F.2d at 505. Further, it is too late for Lucchese to attempt to settle this controversy "before it ripens into a violation . . . of law[ ] or a breach of contractual duty." *Chevron*, 2011 WL 1085661, at *5. As the pending State Suit for coercive relief indicates, the controversy has progressed beyond that point.

Finally, the Court is mindful to preserve the integrity of the time-honored rule that "the plaintiff is the master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Giving the Federal Suit precedence over the State Suit here would effectively allow Lucchese to commandeer JWE's litigation under the guise of a declaratory judgment. Doing so would disregard JWE's choice of forum, parties, and claims that the plaintiff, not the defendant, has a right to select. Lucchese is welcome to explore its options for relief, including a declaratory judgment action in federal court, if there are outstanding, unresolved issues that remain after a final resolution of the State Suit.

## IV. CONCLUSION

The Court concludes that Plaintiff does not plead sufficient facts to state a claim for which the Court may grant relief.

Accordingly, **IT IS ORDERED** that Defendant John Wayne Enterprises, LLC's "Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)" (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Lucchese Inc.'s "First Amended Complaint and Request for Declaratory Relief" (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that all pending motions before the Court, if any, are **DENIED AS MOOT**.

SIGNED this 31 day of July, 2017.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE